

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CINDY SLAUGHTER**                                                         **PLAINTIFF**

VS.                                                           NO. 3:13cv752 HTW-LRA

**HINDS COUNTY, MISSISSIPPI, by and through**
**its Board of Supervisors, HINDS COUNTY SHERIFF**
**TYRONE LEWIS, in his Official Capacity;**
**JOHN and JANE DOES 1-24**                                                 **DEFENDANTS**

## COMPLAINT
### (Jury Trial Demanded)

---

COMES NOW the Plaintiff, Cindy Slaughter, in the above styled and referenced cause, by and through her undersigned counsel, and files this his Complaint against the aforementioned Defendants, and alleges as follows:

## PARTIES

1.

Plaintiff, CINDY SLAUGHTER, is a person of the full age of majority and resident of Hinds County, Mississippi.

2.

Defendant HINDS COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi, and may be served with process by effecting the same upon the Chancery Clerk for Hinds County, Mississippi, Mrs. Eddie Jean Carr at the Hinds County Courthouse, 316 S. President St., Jackson, Mississippi.

3.

Defendant HINDS COUNTY SHERIFF, TYRONE LEWIS, is an adult resident citizen of Hinds County, Mississippi, and is the duly elected Sheriff of Hinds County, Mississippi, who

may be served with process, personally or through his duly authorized designee, at the Hinds County Sheriff's Department, 407 E. Pascagoula St., Jackson, Mississippi.

4.

Defendants JOHN and JANE DOES 1-24, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies of the Hinds County Sheriff's Department, and/or officers and/or trainees employed at the Hinds County Detention Center, and/or employed by Hinds County, as personnel assigned to the Hinds County Detention Center. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against JOHN and JANE DOES 1-24. Said JOHN and JANE DOES 1-24, when their identities are known, will be identified by name and joined in this action, if necessary, pursuant to the Federal Rules of Civil Procedure.

JURISDICTION

5.

The Plaintiff herein invokes this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Ms. Slaughter, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiff, as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

6.

Further, the aforementioned violations of rights, privileges and immunities of Ms. Slaughter serve as a common nucleus of operative fact for Ms. Slaughter's claims under § 11-46-

1 et. seq of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act (hereinafter "MTCA"). Therefore, Ms. Slaughter herein invokes this Court's supplemental jurisdiction pursuant to 28 United States Code § 1367 to obtain a judgment for the costs of suit, including reasonable attorneys' fees and damages suffered and sustained by Ms. Slaughter caused by the tortuous actions and violations of state-created rights compensable under the MTCA.

## VENUE

7.

Venue is proper in this jurisdiction and district pursuant to 28 United States Code § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

8.

On or about May 10, 2012, Ms. Slaughter approached a roadblock and handed the officer her driver's license. A check of her license information revealed an outstanding warrant for possession of marijuana, as well as an outstanding warrant for a bad check. As a result, Ms. Slaughter was arrested on both warrants and taken into the custody of the Hinds County Sheriff.

9.

Ms. Slaughter went to court on the marijuana warrant, but not on the bad check warrant. In fact, and in keeping with the unconstitutional and tortious practices of the Defendants, Ms. Slaughter would never go to court on the supposed bad check warrant. The bad check warrant was for a $25.00 check allegedly written to Winn-Dixie, and no other bad check warrants existed for Ms. Slaughter. More importantly, the single "warrant" that held Ms. Slaughter in jail for

what would become a total of 28 days was apparently not signed by a judge. When Ms. Slaughter inquired as to how she may secure her release, she was told that she could not be set free until she paid $1,523.00 to take care of eight alleged bad checks. This is despite the fact that only one unsigned warrant existed for a $25.00 check.

10.

Ms. Slaughter was ultimately released on her own recognizance on June 5, 2012, as illegal detentions such as hers began to come to light. As a result of her illegal 28-day incarceration on an unsigned warrant for a $25.00 check, Ms. Slaughter was evicted from her apartment, and had to stay with a friend in order to stay off the streets.

11.

In keeping with the unconstitutional and tortious practices of the Defendants, Ms. Slaughter was never taken before a judge on the bad check warrant. There was no initial appearance on the warrant, so no bond was set. Instead, Ms. Slaughter was held in jail for 28 days without any process whatsoever, let alone process that was due her under our state and federal constitutions.

12.

Mississippi has created for its citizens the unqualified right to be taken before a magistrate for an initial appearance without delay after arrest. §99-3-17 of the Mississippi Code of 1972 states in pertinent part that "Every person making an arrest shall take the offender before the proper officer without unnecessary delay…." Additionally, Rule 6.03 of the Uniform Rules of Circuit and County Court commands that "Every person in custody shall be taken, without unnecessary delay and within 48 hours of arrest, before a judicial officer or other person authorized by statute for an initial appearance."

13.

As a result of the denial of an initial appearance, Ms. Slaughter was not advised of her rights in accordance with Rule 6.03 of the Uniform Rules of Circuit and County Court.

14.

The failure to provide Ms. Slaughter with an initial appearance and the attendant deprivation of liberty was a violation of statutorily-created and constitutionally-protected rights, and constitutes the torts of false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress. Ms. Slaughter, in addition to the damages incurred due to the foregoing, was prevented from earning a living and enjoying the fruits of liberty during the period of incarceration.

## COUNT I
## ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

15.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-14, supra.

16.

At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Ms. Slaughter were violated. Specifically the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Ms. Slaughter's:

    a)    right to the equal protection of the laws of the United States of America pursuant

to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi,

b) right to notice of accusations pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

c) right against unreasonable seizure pursuant specifically to the Fourth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 23 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

d) right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

e) right to confront witnesses pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

f) right to compulsory process pursuant specifically to the Sixth Amendment to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

g) right to counsel pursuant specifically to the Sixth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 26 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law,

h) right to be free from cruel and unusual punishment pursuant specifically to the Eighth and Fourteenth Amendment to the Constitution of the United States of America and

Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law, and

    i)    right to reasonable bail as set forth specifically in the Eighth Amendment to the Constitution of the United States of America and Article 3, § 29 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law.

17.

The violations complained of in this Complaint for depravation of identifiable civil rights of Ms. Slaughter, include, but are not limited to, the unnecessary, wanton, and/or negligent depravation of access to the courts of the State of Mississippi throughout the course of Ms. Slaughter's incarceration, inadequate treatment and supervision of an individual experiencing an unlawful detention, and other acts and/or omissions by the Defendants, both named and unnamed, to inflict pain, humiliation, and/or injury upon Ms. Slaughter, with deliberate indifference to the immediate, grave, and serious violations of Ms. Slaughter's rights, all of which caused or contributed to the unjustified deprivation of Ms. Slaughter's sacred rights to liberty and freedom. Additionally, the Defendants, both named and unnamed, failed to adequately train staff or hire properly trained staff, or receive proper training as to the supervision of individuals in the custody of the government, all of which caused or contributed to the unjustified deprivation of Ms. Slaughter's sacred right to liberty.

18.

The Defendants, named and unnamed, deliberately and/or negligently implemented a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Ms. Slaughter and other inmates were violated. Upon information and belief, in the decade prior to Ms. Slaughter's unlawful incarceration, other individuals have been treated in

a similar fashion by the Defendants. Upon information and belief, the Defendants were placed on notice that the "pay or stay" scheme executed upon Ms. Slaughter was unconstitutional. However, despite knowledge that a "pay or stay" scheme was unconstitutional, the Defendants continued forward with it anyway. This unconstitutional scheme resulted in the illegal detention of Ms. Slaughter.

19.

The Defendants bear a duty to exercise reasonable care in the hiring, training and supervision of their employees. This duty includes a responsibility to train correctional officers and other agents to properly monitor, observe and report the deprivation of constitutional rights of individuals in custody to the proper legal authorities. The Defendants also bear the duty to provide individuals in custody with access to the legal system and all of the rights attendant to such access. The Defendants bear the responsibility of transporting individuals in their custody to court so that they may be provided with an initial appearance. The Defendants bear the duty of hiring deputies, jailers, and other staff with the requisite education, training and expertise to provide reasonable and adequate supervision of individuals in custody and to ensure that they are brought before the bar of the court in a timely manner. The Defendants, jointly and severally, breached each of these duties for failing to provide proper training to their agents, by failing to have appropriate procedures and protocols in place to ensure adequate protection of civil rights, and by failing to supervise their staff. The Defendants also failed to update policies and failed to provide peer review or adequate supervision of their staff. These breaches directly and proximately resulted in the harms and damages alleged herein.

20.

At all times material hereto, the Defendants, named and unnamed, and their agents,

representatives, and employees acted pursuant to policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the Defendants and their agents, representatives, and employees.

21.

As a direct and proximate consequence of the Defendants' aforementioned conduct, wherein the Defendants deprived Ms. Slaughter of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Ms. Slaughter experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, the Defendants, both named and unnamed are jointly and severally liable for the deprivation of Ms. Slaughter's constitutional rights as outlined herein.

## COUNT II.
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

22.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-21, supra.

23.

At all times material hereto, the Defendants, named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff, Ms. Slaughter, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engaged in a course of conduct that resulted in the

violation of Ms. Slaughter' rights as outlined above.

24.

As a direct and proximate consequence of the Defendants' aforementioned conduct, wherein Defendants conspired to deprive Ms. Slaughter of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Ms. Slaughter experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, the Defendants, both named and unnamed are jointly and severally liable for the deprivation of Ms. Slaughter' constitutional rights as outlined herein.

## COUNT III

## ACTION FOR FALSE IMPRISONMENT

25.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-22, supra.

26.

As a direct and proximate result of the actions and/or inactions of the Defendants, Ms. Slaughter was intentionally detained, and such detention was unlawful. As a result of said unlawful detention, the Defendants are jointly and severally liable for the damages Ms. Slaughter suffered as a consequence of his unlawful detention. Ms. Slaughter should be compensated for this tort in accordance with the MTCA.

## COUNT IV

## ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in

paragraphs 1-26, supra.

28.

The actions and/or inactions of the Defendants during the illegal detention and in the denial of Ms. Slaughter' civil rights were reckless, intentional, and so outrageous to such an extreme degree that it exceeded the bounds of decency and, thus is not tolerated by a civilized community. Ms. Slaughter suffered reasonably foreseeable damages as a result of the Defendants' conduct and should be compensated for this tort in accordance with the MTCA.

COUNT V

ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29.

The Plaintiff hereby incorporates by reference and re-alleges the information set forth in paragraphs 1-26, supra.

30.

The negligent actions and/or inactions of the Defendants during Ms. Slaughter's illegal detention and in the denial of Ms. Slaughter' civil rights caused Ms. Slaughter reasonably foreseeable substantial mental anguish. As a result, Ms. Slaughter should be compensated for negligent infliction of emotional distress in accordance with the MTCA.

PRAYER FOR RELIEF

31.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Cindy Slaughter, prays that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a.     enter a judgment in favor of the Plaintiff and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiff pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the unlawful detention, physical pain and suffering, infliction of emotional distress, mental anguish, degradation, humiliation, loss of enjoyment of life, and any other injury claim that may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury;

b.     enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiff in an amount to be determined by a jury;

c.     enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for damages arising from the tort of false imprisonment in accordance with the MTCA;

d.     enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for damages arising from the tort of intentional infliction of emotional distress in accordance with the MTCA;

e.     enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional

distress in accordance with the MTCA;

f.  enter a judgment against the Defendants, jointly and severally, for the Plaintiff's reasonable attorney's fees pursuant to 42 United States Code section 1988, all costs of this action and related litigation expenses and expert fees;

g.  enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the 2nd day of December, 2013.

By: **CINDY SLAUGHTER**, *Plaintiff*

_____
Ramel L. Cotton, MS Bar No. 100175

_____
J. Matthew Eichelberger, MS Bar No. 101060

Ramel L. Cotton
Cotton Law Firm, PLLC
416 E. Amite Street
P.O. Box 694
Jackson, MS 39205
Telephone: 769-230-3852
Facsimile: 601-500-5755
Email: ramel@rcottonlaw.com

J. Matthew Eichelberger
The Eichelberger Law Firm, PLLC
416 E. Amite Street
Jackson, MS 39201
Telephone: 769-257-6655
Facsimile: 601-510-9103
Email: matt@ike-law.com

*COUNSEL FOR THE PLAINTIFF*